IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MATTHEW MALLORY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 2:22-cv-457-ECM-CWB |
| | ) |
| **CHILTON COUNTY JAIL, et. al,** | ) |
| | ) |
| **Defendants.** | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate confined at the Chilton County Jail, previously initiated these proceedings under 42 U.S.C. § 1983. (Doc. 1). However, Plaintiff did not submit the $350 filing fee or the $50 administrative fee, nor did he submit an application seeking leave to proceed *in forma pauperis*. By Order entered August 3, 2022, Plaintiff was informed that an ongoing failure to submit the required fees or an application seeking leave to proceed *in forma pauperis* (with accompanying financial information) would result in a recommendation that the case be dismissed. (Doc. 3 at p. 2).

Despite the court's August 3, 2022 admonition, Plaintiff has failed to submit the required fees or apply for *in forma pauperis* status. The undersigned therefore concludes that this case should be dismissed and that lesser sanctions would not be appropriate. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion.); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.");

1

*Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket. … The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice."). *See also Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice due to Plaintiff's failure to either remit the required fees or submit an application seeking leave to proceed *in forma pauperis*.

It is further ORDERED that, by September 8, 2022, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this the 25th day of August 2022.

**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**